IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| Tomeco Reed, | Civil Action No.: 1:11-cv-733 |
|---|---|
| Plaintiff, | |
| v. | |
| Penn Credit Corporation, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Tomeco Reed, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and N.C. Gen.Stat. § 58-70 et seq., by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Tomeco Reed ("Plaintiff"), is an adult individual residing in Durham, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Penn Credit Corporation ("Penn"), is a business entity with an address of 916 South 14th Street, Harrisburg, Pennsylvania 17104, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

6.  The Plaintiff allegedly incurred a financial obligation in the approximate amount of $100.00 (the "Debt") to Verizon (the "Creditor").

7.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.  The Debt was purchased, assigned or transferred to Penn for collection, or Penn was employed by the Creditor to collect the Debt.

9.  The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Penn Engages in Harassment and Abusive Tactics**

10. Defendant placed up to three calls a day to Plaintiff's residential phone line concerning her account with Verizon.

11. Representatives for Defendant identified the name of the debt collection agency as Frontier.

12. Defendant called Plaintiff after 9:00 pm.

13. Plaintiff repeatedly asked Defendant to send her verification of the Debt.

14. Defendant refused and stated that the letter had been sent to Plaintiff.

15. Defendants failed to inform Plaintiff of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

C. **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger and frustration.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

20. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff after 9:00 p.m.

21. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

3

23. The Defendant's conduct violated 15 U.S.C. § 1692e(14) in that Defendant used a name other than the true name of the debt collection agency.

24. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendant failed to send the Plaintiff a validation notice stating the amount of the Debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

26. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

27. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

28. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendant failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

29. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATION OF THE NORTH CAROLINA COLLECTION AGENCY ACT,
## N.C. Gen.Stat. § 58-70, et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 58-70-90.

33. The Plaintiff allegedly incurred a "debt" as the term is defined by N.C. Gen.Stat. § 58-70-90.

34. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 58-70-90.

35. The Defendant's conduct violated N.C. Gen.Stat. § 58-70-110 in that Defendant caused the telephone to ring at times known to be times other than normal waking hours of the person.

36. The foregoing acts of the Defendant constitute violations of the North Carolina Collection Agency Act, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT,
## N.C. Gen.Stat. § 75-1.1, et seq.

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

40. The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

41. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Statutory damages of $4,000.00 for each violation pursuant to N.C.G.S. § 58-70-130;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and North Carolina Law in an amount to be determined at trial for the Plaintiff; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 14, 2011

        Respectfully submitted,

        By /s/ Stacie Watson

        Stacie Watson, Esq. (Bar No.: 23890)
        Law Office of Stacie Watson.
        P.O. Box 1412
        Apex, North Carolina 27502
        Telephone: (919) 522-6128
        Facsimile: (919) 439-5308
        Email: swatsonattorney@bellsouth.net
        Attorneys for Plaintiff

        Of Counsel To:

        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424